IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARNER VALLEY FARM, LLC | : | No. 4:21-CV-01079 |
| | : | |
| Plaintiff, | : | Judge Brann |
| | : | |
| vs. | : | |
| | : | |
| SWN PRODUCTION COMPANY, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## STIPULATED PROTECTIVE ORDER

After review of Warner Valley Farm, LLC and SWN Production Company, LLC's (collectively, the "Parties," or individually, a "Party") Joint Motion for Protective Order and good cause having been shown pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ORDERED as follows:

1.  Discovery in the above-captioned case (the "Litigation") involves documents and information, some of which may include material that is protected from public disclosure. Material may warrant protection because it contains proprietary information (including, but not limited to, financial information, supplier information, and non-public processes and operations of a business),

contains sensitive or confidential information, contains trade secrets, or is subject to other applicable privileges.

2. The Parties moved for this Order to expedite the flow of discovery material, save the time that would be involved in preparing detailed production logs, decrease the likelihood of litigation involving discovery disputes, and protect material entitled to be kept confidential.

3. This Order shall apply to all documents that are stamped, labeled or otherwise designated "CONFIDENTIAL" (each a "Document").  A Party may designate as "CONFIDENTIAL" any Document that it reasonably believes in good faith is entitled to protection from public disclosure pursuant to the terms of this Order.

4. A Party's inadvertent failure to designate a Document as "CONFIDENTIAL" shall not be a waiver of confidentiality by that Party; provided, however, that the Party shall within a reasonable time after discovering the inadvertent production notify the other Parties that such Document was inadvertently produced without being designated "CONFIDENTIAL" and shall thereafter promptly substitute copies of the Document with the "CONFIDENTIAL" designation.  All persons who have received copies not designated

"CONFIDENTIAL" shall then promptly return all such copies to the Party that produced it or confirm that such copies have been destroyed.

5. Without prior Court approval or written authorization from the Party that produced a Document designated as "CONFIDENTIAL," another Party shall not disclose the Document or information from the Document except to:

    a. this Court, persons employed by this Court, mediators or other neutrals working with the Parties in connection with the Litigation, and court reporters transcribing testimony or argument at a hearing, arbitration, mediation, trial, deposition or other proceeding in the Litigation;

    b. the Parties, counsel of record in this case and other counsel on whom a Party relies for privileged advice in connection with the Litigation, together with regular employees of such counsel to whom it is necessary that the material be shown for purposes of the Litigation;

    c. experts retained by a Party or its counsel to whom it is necessary that the material be shown for purposes of the Litigation, provided that the expert agrees to maintain confidentiality of the Documents; and

    d. a person or entity in compliance with applicable law or by order of a court or agency having jurisdiction in the matter, provided that the Party disclosing the Document provides the Party that produced the Document prompt

notice thereof.  In the event a Party is compelled by law or order to so disclose a Document, that Party shall provide all reasonable assistance to the Party that produced the Document at issue to contest such law or order and resist disclosure of the Documents.

6. Notwithstanding anything to the contrary herein, this Order imposes no obligation upon a Party with respect to any confidential information or Documents that (a) were possessed by the Party before receipt in the Litigation; (b) are or become matters of public knowledge through no fault of the Party; (c) are rightfully received from a non-party not owing a duty of confidentiality; or (d) are independently developed with information or materials obtained from some source other than the Documents or testimony about the Documents.

7. During a deposition in this Litigation, a deponent may be shown, and examined about, the Documents.  Deponents shall not retain or copy the Documents or portions of the transcript of their depositions that contain descriptions of the Documents.  If Documents or a portion thereof are made an exhibit to a deposition transcript, the portion of the transcript and exhibit referring to, representing or containing such confidential materials will be treated as confidential and subject to nondisclosure under this Order.

8. A Party may designate the deposition testimony of any witness as "CONFIDENTIAL" and subject to nondisclosure under this Order to the extent the Party reasonably believes in good faith that the designated testimony contains or relates to confidential information from any Document. Such designation shall be made during or upon the conclusion of the deposition. Within thirty (30) days following the receipt of the transcript of the deposition testimony, the Party seeking to designate the transcript "CONFIDENTIAL" shall notify all other Parties in writing of the specific pages of the transcript that are to be designated as "CONFIDENTIAL" and subject to nondisclosure under this Order. Each Party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

9. Any Party challenging any designation of "CONFIDENTIAL" whether applied to Documents or deposition transcripts, shall specify in writing to the producing party or non-party those portions of the materials challenged as improperly designated. The challenging party may, after conferring in good faith with opposing counsel, move this Court for an order that the designated information, Documents or things shall not be protected from public disclosure under this Order. Any designated material covered by the motion shall be protected until the motion is decided. A Party's failure to challenge a designation

shall not be an admission that such material is indeed confidential or constitutes protected material under this Order. Any designation, whether challenged or not, shall not be admissible or otherwise relevant to any question before this Court, including those involving whether certain information constitutes a trade secret under applicable law. If the designated information, Documents or things belong to a non-party, the designating Party shall provide timely notice to the non-party of any written challenge or related motion practice.

10. Unless otherwise ordered by this Court or agreed by the Parties, any Documents or papers filed with the Court must be filed under seal, in accordance with this Court's rules, if they include information obtained solely from the Documents or if they include as an attachment any page of the Documents. The Parties agree to use their best efforts to minimize the number of Documents they seek to file with this Court under seal.

11. Except as set forth above in paragraph 7, the obligation to preserve confidentiality hereunder shall survive the conclusion of the Litigation, and the Documents shall remain confidential.

12. Upon termination of the Litigation by dismissal, settlement or judgment, and the expiration of any applicable appeal period and conclusion of any appeal taken, the Parties' counsel shall either destroy or return to the producing

Party's counsel all Documents (including all copies of Documents). If a Party's counsel destroys the Documents in lieu of returning them, counsel shall confirm such destruction in writing to the producing Party's counsel.

13. If any person or entity not a Party to this Order requests or demands, by subpoena or otherwise, that a Party produce a Document, or any portion thereof, that Party will, before complying with any such request or demand, immediately notify the Party that produced the Document and provide all reasonable assistance to the Party that produced the Document to contest such request or demand and resist disclosure of the Document. If the Document belongs to a non-party, the Party that produced the Document shall immediately notify the non-party and shall provide the non-party with all reasonable assistance to contest such request or demand and resist disclosure of the Document.

14. Nothing herein shall restrict the use or disclosure of a Document by the Party that produced it; provided, however, that nothing in this Order shall amend or displace any restrictions on use or disclosure that are imposed by any non-party or any agreement with a non-party.

15. Nothing herein shall affect the admissibility of the Documents or information contained in the Documents at trial, provided that appropriate

measures are taken to protect the disclosure of the Documents and information to the public.

16.    Nothing herein shall affect or have any bearing on the obligation of a Party to produce any Document, and this Order shall not give any Party any greater right or entitlement to view or receive any Document than the Party otherwise has under applicable law.

17.    If a Document contains a third party's proprietary, sensitive or confidential information or trade secrets, and a Party is subject to restrictions on its right or ability to disclose or disseminate that Document or some portion of it, the Parties may need to reach an agreement as to additional items that adequately protect the Party's and third party's interests before such Document is produced.

18.    This Order shall govern all Documents, the information contained therein, and all other information produced or disclosed during the Litigation whether revealed in a Document, deposition, other testimony, discovery response or otherwise, by any Party or non-party, in this Litigation to any other Party or non-party, when same is designated under the procedures set forth herein (although the Parties recognize that nothing in this Order is intended to displace additional provisions set forth in any other agreement with any non-party, where such an agreement provides additional protection or restrictions for certain documents

produced in the Litigation).  This Order shall be binding on and apply to all non-parties who either produce or receive Documents or information in connection with this Litigation.

19. The Parties may modify the provisions of this Order by written stipulation approved by all parties hereto, and any Party may apply to the Court, on written notice to all other Parties, to modify the provisions of this Order for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: December 1, 2021

| | |
|---|---|
| <u>/s/*Katherine M. Gafner*</u> | <u>/s/ Brendan A. O'Donnell</u> |
| David R. Fine | Robert J. Burnett, Esq. |
| Market Square Plaza | Brendan A. O'Donnell, Esq. |
| 17 North Second Street, 18th Floor | Houston Harbaugh, P.C. |
| Harrisburg, PA  17101 | 401 Liberty Avenue |
| (717) 231-4500 | Three Gateway Center, 22nd Floor |
| david.fine@klgates.com | Pittsburgh, PA 15222 |
| | (412) 281-5060 |
| Katherine M. Gafner | rburnett@hh-law.com |
| K&L Gates Center | odonnellba@hh-law.com |
| 210 Sixth Avenue | |
| Pittsburgh, PA 15222 | *Counsel for Plaintiff Warner Valley Farm, LLC* |
| (412) 355-6500 | |
| katherine.gafner@klgates.com | |
| | |
| *Counsel for Defendant SWN Production Company, LLC* | |

**So ORDERED and SIGNED this** __2nd__ **day of** __December__**, 2021.**

*s/ Matthew W. Brann*
**Matthew W. Brann, Chief United States District Judge**