# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARNER VALLEY FARM, LLC, | : | No. 4:21-CV-01079 |
| Plaintiff, | : | Chief Judge Brann |
| *vs.* | : | |
| SWN PRODUCTION COMPANY, LLC, | : | |
| Defendant. | : | |

**STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
OF DEFENDANT SWN PRODUCTION COMPANY, LLC**

Pursuant to M.D. Pa. LR 56.1, Defendant SWN Production Company, LLC ("SWN") files this statement of material facts.

## I. Lease Interests

1. On April 12, 2006, Wayne W. Warner and Reba Warner (as lessors) and Fortuna Energy, Inc. (as lessee), entered into an oil and gas lease, a copy of which is attached to the complaint ("Complaint" or "Compl.") at Exhibit "A". *See* Compl., Exhibit A (ECF No. 1-1); *see also* Compl., ¶3; Answer of Defendant SWN Production Company, LLC ("Answer"), ¶3.[1]

---

[1] SWN cites the complaint for a number of these statements, but it does not concede that all of the factual allegations in the complaint are accurate. It cites them because, even if the facts were as Warner portrays them, SWN would be entitled to summary judgment on Count III's constitutional claim.

2. The lease covers 506.46 acres of property in Pike and Stevens Townships, Bradford County, Pennsylvania (the "Leasehold"). *See* Compl., ¶4.

3. Plaintiff Warner Valley Farm LLC ("Warner") is a successor-lessee-in-interest to the lease. *See* Compl., Exhibit B; *see also* Compl., ¶5.

4. SWN is a successor-lessee-in-interest to the lease. *See* Compl., Exhibit C; *see also* Compl., ¶6.

## II. Relevant Lease Provisions

5. The lease contains the following royalty provision:

> (a) Lessee covenants to pay Lessor, proportionate to Lessor's percentage of ownership in the Leasehold, as follows:
> . . .
> (ii) ROYALTY: to pay Lessor a royalty in an amount equal to the current market value at the wellhead as and when produced of one-eighth (1/8th) of all oil, gas and the constituents thereof produced, saved, marketed and sold from the Leasehold (the "Royalty"). In no event shall the current market value be deemed to be in excess of the value actually received by the Lessee pursuant to a bona fide, arm's length sale or transaction. Lessee may withhold Royalty payments until such time as the total withheld exceeds twenty-five ($25.00) dollars.

Compl., Exhibit A, ¶(4)(a).

6. The lease contains the following "Pooling/Unitization" provision:

> Lessee is hereby granted the right, in its sole discretion, at any time and from time to time during and after the Primary Term, to pool, unitize or combine all or any portion of the Leasehold with any other land or lands, whether contiguous or not contiguous, at any time before or after the drilling of a well so as to create one (1) or more drilling or production

2

units. Any such drilling or production unit shall not exceed such size as authorized by governmental authority having jurisdiction. For all purposes, under the provisions of this Lease, the Leasehold shall be deemed to be unitized upon submission of the drilling permit application pertaining to the relevant drilling or production unit to the governmental authority having jurisdiction. Lessee is granted the right to change the size, shape and conditions of any unit created, however, any such change shall not affect the date upon which pooling or unitization occurred or is deemed to have occurred. Lessor shall, in lieu of the Royalty, accept and receive out of the revenue realized from the production associated with such drilling or production unit, the same proportion of the Royalty stipulated herein as the surface area of the Leasehold within such drilling or production unit is to the total surface area comprising such drilling or production unit. Any Operations conducted on the drilling or production unit, whether conducted before, after or during the exercise of the rights and powers granted under this clause, or the presence of a well capable of production located on the drilling or production unit, shall have the same effect in continuing this Lease in full force and effect as if such Operations were conducted upon the Leasehold, or as if such well capable of production was located on the Leasehold.

Compl., Exhibit A, ¶12.

### III. Activity Pursuant to the Lease

7. The lease has been unitized with other property to form a number of drilling units. *See* Compl., ¶7; *see also* Answer, ¶7.

8. SWN created two of those drilling units: Campbell Ercole Demento North and Chamberlin Meyer North (the "SWN Production Units"). *See* Compl., ¶8; *see also* Answer, ¶8.

9. Some gas wells in the SWN Production Units contain cross-unit laterals, meaning that the horizontal laterals of some gas wells cross beyond the

boundary of a single production unit and extend into more than one production unit (the "Cross-Unit Wells"). *See* Compl., ¶¶10–11; *see also* Answer, ¶¶10–11.

10. SWN is the operator of the Cross-Unit Wells. *See* Compl., ¶12; *see also* Answer, ¶12.

11. SWN pays Warner Valley royalties pursuant to the lease for Production for production from the Cross-Unit Wells. *See* Compl, ¶¶13–14; *see also* Answer, ¶¶13–14.

## IV. Pennsylvania Act 85 of 2019 and Constitutional Provisions

12. Pennsylvania Act 85 of 2019 amended the act of July 20, 1979 (P.L. 183, No. 60), known as the Oil and Gas Lease Act, to state:

> Section 2.2. Cross-unit drilling for unconventional wells.
>
> (a) General rule.—If an operator has the right to drill an oil or gas well on separate units, the operator may drill and produce a well that traverses, by horizontal drilling, more than one unit, if:
> (1) The operator reasonably allocates production from the well to or among each unit the operator reasonably determines to be attributable to each unit. The operator may allocate production on an acreage basis for multiple units provided the allocation has a reasonable correlation to the portion of the horizontal well bore in each unit.
> (2) The traversing well is not expressly prohibited by the terms of a lease.

Oil and Gas Lease Act – Cross Unit Drilling for Unconventional Wells, Act of Nov. 7, 2019, P.L. 634, No. 85; codified at 58 P.S. § 34.2.

13. In enacting Act 85, the General Assembly had a number of goals:

4

a. reducing surface disturbance by decreasing the number of wells drilled and well pads constructed;

b. decreasing the number of gathering lines necessary to transport natural gas from well pads to interstate pipelines;

c. decreasing the number of access roads necessary for access to and from well pads; and

d. decreasing the amount of truck traffic.

*See* Senate Co-Sponsorship Memorandum dated March 5, 2019, from Sen. Gene Yaw to All Senate Members Regarding "Reducing Surface Impact from Unconventional Gas Wells."

14. The Constitution of the Commonwealth of Pennsylvania states that "No ex post facto law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." Pa. Const. art. 1, § 17.

15. The Constitution of the United States states that "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility." U.S. Const. art. 1, §10, cl. 1.

Respectfully submitted,

**K&L GATES LLP**

<u>/s/ David R. Fine</u>
David R. Fine
Market Square Plaza
17 North Second Street, 18th Floor
Harrisburg, PA 17101
(717) 231-4500
david.fine@klgates.com

Katherine M. Gafner
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
(412) 355-6500
katherine.gafner@klgates.com

Counsel for Defendant SWN Production Company, LLC

July 18, 2022

# CERTIFICATE OF SERVICE

I certify that, on July 18, 2022, I filed the attached document with the Court's CM/ECF system such that the following should receive service automatically:

Robert J. Burnett, Esq.
Brendan A. O'Donnell, Esq.
Houston Harbaugh, P.C.
401 Liberty Avenue
Three Gateway Center, 22nd Floor
Pittsburgh, PA 15222

/s/ *David R. Fine*