IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WARNER VALLEY FARM, LLC,

        Plaintiff,

v.                                             Case No. 4:21-CV-01079

                                                   (Chief Judge Brann)

SWN PRODUCTION COMPANY, LLC,

        Defendant.

### MARCELLUS SHALE COALITION'S MOTION FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE*
_____

      The Marcellus Shale Coalition ("MSC") moves this Court for permission to file a brief as *amicus curiae* with respect to the issues now before the Court concerning the constitutionality of Act 85 of 2019 and in support thereof says:

      1.     The MSC is a regional trade association that represents the interest of companies engaged in the exploration for and production, processing, and transportation of natural gas.  MSC members produce gas primarily form "unconventional" shale formations.  MSC members produce approximately 95% of the natural gas produced from unconventional formations in Pennsylvania.

2. The MSC often advocates in the General Assembly and before administrative agencies for changes in laws and regulations relating to oil and gas operations necessary to reflect changing technology in the industry and in particular the technology relating to horizontal drilling.  The MSC periodically participates as *amicus curiae* in matters pending in the courts of the United States or Commonwealth of Pennsylvania.

3. This action involves a dispute over pooling and unitization rights and royalty obligations under an April 12, 2006 oil and gas lease.  Warner Valley Farm initiated this action against SWN Production Company to construe the 2006 Lease and obtain a declaration regarding the constitutionality of Pennsylvania Act 85 of 2019, which provides statutory authority for oil and gas operators to drill and produce from wells that traverse more than one production unit, often referred to as cross-unit drilling.

4. The Plaintiffs' complaint, in Count III, challenges the constitutionality of the Act of Nov. 7, 2019 (P. L. 634, No. 85) codified at 58 P.S. § 34.2, (hereinafter Act 85).  Plaintiffs assert that Act 85 creates an impairment of contract in violation of the United States and Pennsylvania constitutions. (ECF 1, Attachment 1)

5. By Order dated May 19, 2022, the Court authorized the parties to file dispositive motions regarding the legal issues set forth in Count III of the Complaint. (ECF 17).

6. The MSC seeks permission to file an *amicus* brief limited to the legal issues set forth in Count III regarding the constitutionality of Act 85.

7. The MSC and its members were actively involved in the discussions that lead to the enactment of Act 85.  MSC members brought to the attention of legislators the advantages that cross-unit drilling brings to the community and the environment by reducing the number of pads, access roads and pipelines required for efficient recovery of the resource thus reducing the overall amount of surface disturbance and traffic.

8. MSC members, when advocating for Act 85, worked with legislators to craft Act 85 in a form that was designed to avoid the impairment of contracts.

9. MSC members use a variety of lease forms with varying language regarding royalty payments, unitization, pooling among other terms, often differing from the terms of the lease at issue here.  Accordingly, the constitutionality of Act 85 as it may be applied to varying lease terms is of importance to the entire industry.

10. MSC members have relied upon the provisions of Act 85 in the more than two years since its passage, having drilled hundreds of cross-unit wells and

paid royalties for production from those wells to landowners in units crossed by cross-unit wells.

11. The MSC, on behalf of its members, has a special interest in this case as the Court's decision will have broad ramifications throughout the industry, affecting many entities not in a position to participate in this matter, including landowners in units crossed by cross-unit wells.

12. Although *amicus* parties are less common in the district courts the current posture of this case, being limited to the legal issues relating to the constitutionality of Act 85, is akin to an appellate proceeding in which *amicus* briefs are more common and more readily accepted.

13. This Court has noted that a decision to allow amicus participation in the District Court is within the broad discretion of the court, and that it may be granted if "timely and helpful." *Waste Mgmt, Inc. v. City of York*, 162 F.R.D. 34, 36, 1995 U.S. Dist. LEXIS 13729**4 (M.D. Pa. 1995).

14. The MSC's brief, if accepted, will be timely as it will be filed on or before the date as the briefs of the parties. It may also be useful by addressing the background leading to the enactment of Act 85 and advancing an interpretation of Act 85 that can be applied broadly reflecting the variation in lease forms used throughout the industry.

WHEREFORE, the Marcellus Shale Coalition requests this Court enter an order granting permission to fill a brief as *amicus curiae* and accept the brief attached hereto as Exhibit A[1] for filing as the brief of the MSC.

                          MARCELLUS SHALE COALITION

                          <u>/s Terry R. Bossert</u>
                          Terry R. Bossert (PA 17670)
                          General Counsel
                          300 North Second St, Suite 1102
                          Harrisburg, PA 17101
                          Counsel for Amicus Curiae MSC

---

[1] The brief is included with this motion consistent with Fed. R. App. P. 29 since there is no Fed. R. Civ. P. addressing the issue.

## L.R. 7.1 CERTIFICATION

I, Terry R. Bossert, counsel for the Marcellus Shale Coalition certify under L.R. 7.1 that I requested concurrence in the foregoing Motion for Leave to File a Brief from counsel of record for all parties by e-mails dated July 18, 2022. Defendant SWN Production Company, LLC, consents to the requested relief. Plaintiff Warner Valley Farm, LLC, did not concur.

 

MARCELLUS SHALE COALITION

/s Terry R. Bossert
Terry R. Bossert (PA 17670)
General Counsel
300 North Second St, Suite 1102
Harrisburg, PA 17101
Counsel for Amicus Curiae MSC

## CERTIFICATE OF SERVICE

I certify that, on August 8, 2022, I filed the attached document with the Court's CM/ECF system such that the following should receive service automatically:

Robert J. Burnett, Esq.
Brendan A. O'Donnell, Esq.
Houston Harbaugh, P.C.
401 Liberty Avenue
Three Gateway Center, 22nd Floor
Pittsburgh, PA 15222

David R. Fine
Market Square Plaza
17 North Second Street, 18th Floor
Harrisburg, PA 17101(717) 231-4500 david.fine@klgates.co

/s/ Terry R. Bossert

# EXHIBIT A