IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARNER VALLEY FARM, LLC, | No. 4:21-CV-1079 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SWN PRODUCTION COMPANY, LLC, | |
| Defendant, | |
| and | |
| REPSOL OIL & GAS USA, LLC, | |
| Intervenor-Defendant | |

## ORDER

**DECEMBER 23, 2022**

In this matter, the Court is actively considering three motions: Plaintiff Warner Valley Farm, LLC's Motion for Partial Summary Judgment[1]; Defendant SWN Production Company, LLC's Motion for Partial Summary Judgment[2]; and Intervenor-Defendant Repsol Oil & Gas USA, LLC's Cross-Motion for Summary Judgment.[3] Warner Valley's and SWN's motions seek the same thing: judgment in each party's respective favor on Count III of Warner Valley's Complaint. In Count III, Warner Valley seeks a declaration that Pennsylvania Act 85 of 2019 is

---
[1] Doc. 23.
[2] Doc. 25.
[3] Doc. 47.

unconstitutional under the Contracts Clause of both the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania.[4] The Complaint also contains several breach-of-contract claims arising from the oil and gas lease between the parties (the "2006 Lease").

In a prior Order issued on May 19, 2022, the Court permitted the parties—then only Warner Valley and SWN—to file dispositive motions on the legal issues raised in Count III, which they have done.[5] After intervening in the matter, Repsol cross-moved for summary judgment on its counterclaim, raised in its Answer to Warner Valley's Complaint.[6] Repsol's counterclaim seeks a declaratory judgment stating (1) that "[t]he 2006 Lease authorizes the drilling and operation of oil and gas wells for which the horizontal lateral extends into two or more drilling or production units"; (2) that "[t]he 2006 Lease does not require the entirety of each oil and gas well to be located within a single drilling or production unit"; and (3) that "Act 85 is a valid and enforceable legislative enactment."[7]

The third declaration Repsol seeks is the same issue raised by Warner Valley and SWN in their respective motions for partial summary judgment.[8] However, the first two relate to interpretation of the 2006 Lease, which incorporates legal issues outside the scope of the motions contemplated by the Court's May 19, 2022 Order.

---

[4] Compl., Doc. 1-1 ¶¶ 47-55.
[5] See Warner Valley Partial MSJ, Doc. 23; SWN Count III MSJ, Doc. 25.
[6] Doc. 43.
[7] See id. at 26 (¶ 27).
[8] See Warner Valley Partial MSJ, Doc. 23; SWN Count III MSJ, Doc. 25.

2

However, in the Court's view, the declaration Repsol seeks is closely related to the legal issues raised in Count III. Additionally, a declaration that the 2006 Lease allows cross-unit drilling would likely support judgment in Defendants' favor on at least Count I of Warner Valley's Complaint, which argues that Defendants breached the 2006 Lease by engaging in cross-unit drilling.[9]

The briefing already filed with the Court touches upon the 2006 Lease and the issues raised in Repsol's counterclaim. But given the narrower scope of its prior Order, the Court will allow the parties to submit supplemental briefing on whether the 2006 Lease allows Defendants to drill cross-unit wells.[10] The Court will then dispose of all three of the instant motions.[11]

Accordingly, **IT IS HEREBY ORDERED** that:

1. The parties may file supplemental briefing limited to legal argument on the following matters:

   a. Whether the 2006 Lease authorizes the drilling and operation of oil and gas wells for which the horizontal lateral extends into two or more drilling or production units; and

---

[9] No party has made such a motion, but a declaration that the 2006 Lease allows cross-unit drilling and breach-of-contract claim alleging that it does not appear to be legally inconsistent.

[10] The Court emphasizes that no party is required to file an additional brief. The initial briefs touch upon the contractual language at issue. All parties are welcome to rest on the arguments they made in their initial briefs. Any party that wishes to rest on its initial arguments may inform the Court by letter.

[11] To the extent that this Order is inconsistent with any prior Orders, this Order supersedes them.

3

  b.  Whether the 2006 Lease requires the entirety of each oil and gas well to be located within a single drilling or production unit.

2. The parties may file supplemental briefs on or before January 13, 2023.

3. All supplemental briefs are to be no longer than ten (10) pages and otherwise comply with the Local Rules of this Court.

        BY THE COURT:

        *s/ Matthew W. Brann*
        Matthew W. Brann
        Chief United States District Judge