IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARNER VALLEY FARM, LLC, | No. 4:21-CV-01079 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SWN PRODUCTION COMPANY, LLC, | |
| Defendant, | |
| and | |
| REPSOL OIL & GAS USA, LLC, | |
| Intervenor-Defendant | |

**JANUARY 24, 2023**

In accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED**:

1. Plaintiff Warner Valley, LLC's motion for partial summary judgment (Doc. 23) is **DENIED**.

2. Defendant SWN Production Company, LLC's motion for partial summary judgment (Doc. 25) is **GRANTED**. Accordingly, Count III of Warner Valley's Complaint is **DISMISSED**.

3. Defendant Repsol Oil & Gas USA, LLC's cross-motion for summary judgment (Doc. 47) is **GRANTED**. Accordingly, Count I of Warner Valley's Complaint is **DISMISSED**.[1]

4. The Court issues the following declarations:

   a. The 2006 Lease authorizes the drilling and operation of oil and gas wells for which the horizontal lateral extends into two or more drilling or production units.

   b. The 2006 Lease does not require the entirety of each oil and gas well to be located within a single drilling or production unit.

   c. Act 85 is a valid and enforceable legislative enactment.

5. A telephonic status conference with counsel of record will be scheduled by separate Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[1] As indicated in the accompanying Memorandum Opinion, although no party has moved for judgment on Count I, the declaratory judgment Repsol seeks disposes of the legal issue raised in Count I. A declaration that the 2006 Lease authorizes cross-unit drilling means that Defendants use of cross-unit drilling did not breach the 2006 Lease.